IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| TAWANA JACKSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 24-cv-2264-MSN-tmp |
| | ) |
| METHODIST HOSPITAL, | ) |
| | ) |
|     Defendant. | ) |

_____

REPORT AND RECOMMENDATION
_____

On April 24, 2024, plaintiff Tawana Jackson filed a *pro se* complaint. (ECF No. 1.)[1] Because Jackson is proceeding *in forma pauperis*, the undersigned must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons below, the undersigned recommends that Jackson's complaint be dismissed.

I. PROPOSED FINDINGS OF FACT

On April 24, 2024, Jackson filed her complaint against Methodist Hospital for termination of her employment and retaliation based on her gender/sex in violation of Title VII of the Civil Rights Act of 1964. (ECF No. 1.) Using the form provided by the Clerk's office to assist *pro se* litigants asserting employment discrimination claims, Jackson checked the

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation, as appropriate.

box alleging that the discriminatory conduct was "termination of my employment" and "retaliation." (Id. at PageID 3.) However, Jackson did not include the page with the statement of facts, so the complaint lacks any factual allegations.

## II.  PROPOSED CONCLUSIONS OF LAW

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than

formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

"To establish a prima facie case of sex discrimination, a plaintiff must demonstrate that: '(1) she is a member of a protected group; (2) she was subjected to an adverse employment decision; (3) she was qualified for the position; and (4) ... similarly situated non-protected employees were treated more favorably.'" Jackson v. VHS Detroit Receiving Hosp., Inc., 814 F.3d 769, 776 (6th Cir. 2016) (quoting Peltier v. United States, 388 F.3d 984, 987 (6th Cir. 2004)).

> In order to establish a prima facie case of retaliation, a plaintiff must establish that: (1) [s]he engaged in activity protected by Title VII; (2) the exercise of [her] civil rights was known to the defendant; (3) thereafter, the defendant took an employment action adverse to the plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action.

Nguyen v. City of Cleveland, 229 F.3d 559, 563 (6th Cir. 2000). Although a plaintiff must eventually prove all of these elements, they do not have the initial burden of establishing a

*prima facie* Title VII claim to survive a motion to dismiss. See Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002). Instead, the complaint need only allege "sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that the plaintiff was subject to discrimination or retaliation. Keys v. Humana, Inc., 684 F.3d 605, 610 (6th Cir. 2012) (quoting Iqbal, 556 U.S. at 678). Jackson's complaint lacks any factual allegations to support the claim that her employment was terminated in violation of Title VII. Therefore, the undersigned recommends that the complaint be dismissed.

### III. RECOMMENDATION

Based on the above, the undersigned recommends that the complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

June 14, 2024
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14)**

**DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**