## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

TAWANA JACKSON,

      Plaintiff,

v.                                                                    Case No. 2:24-cv-2264-MSN-tmp

METHODIST HOSPITAL,

      Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DISMISSING COMPLAINT

Before the Court is the Chief Magistrate Judge's Report and Recommendation (ECF No. 9, "Report") entered June 14, 2024. The Report recommends that the Complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has made no factual allegations in support of her claim that her employment was terminated in violation of Title VII. (*Id.* at PageID 23.) To date, no objections to the Report have been filed.

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or

recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## <u>DISCUSSION AND CONCLUSION</u>

As set forth in the Report, Plaintiff filed this matter using the Clerk's office form complaint for asserting employment discrimination claims. (ECF No. 9 at PageID 20.) The form complaint first directs plaintiffs to check various boxes indicating, among other things, what law their complaint is brought pursuant to, the type of discriminatory conduct they allege, and the alleged

basis for the discriminatory treatment.  (*See* ECF No. 1 at PageID 1–4.)  The form complaint then has a space for plaintiffs to provide the facts supporting their case and directs them to attach additional sheets if necessary.  (*See id.* at PageID 4.)  Plaintiff checked boxes on the form complaint indicating that she was asserting claims for termination of her employment and retaliation, pursuant to Title VII of the Civil Rights Act of 1964, for discrimination based on gender/sex.  (*Id.* at PageID 1–4.)  Plaintiff, however, didn't provide any facts about her case—either in the space on the form or on additional sheets.  The Report therefore recommends that the Complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B) due Plaintiff's failure to allege any facts in support of her claims.  (ECF No. 9 at PageID 23.)

Chief Magistrate Judge Pham issued his Report on June 14, 2024.  The Report warned that objections were due within 14 days of being served with a copy of the Report and that failure to object may constitute a waiver and/or forfeiture of any objections, exceptions, and any further appeal.  To date, no objections to the Report's findings or recommendations have been filed, and the deadline for doing so has expired.  The Court has reviewed the Report for clear error and finds none.  Accordingly, the Court **ADOPTS** the Report in its entirety and **DISMISSES** Plaintiff's Complaint.

**IT IS SO ORDERED**, this 9th day of July, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE